pages 1 through 5

# Brief In Support of plaintiff's Motion for partial Summary Judgment

## "Statement of Facts & Case"

This is a § 1983 Action Filed by an offender made Award of the State of Wisconsin Department of Corrections seeking damages, a declaratory Judgement and injunctive relief for the Unconstitutional, questional Deliberately Indifferently infringements unto plaintiff's 1st 8th and 14th Constitutional Rights by the named defendants Due unto plaintiff innate, Naturally born Characteristic life long lived male unto female life long Overt Transgendered Expression in which is Clinically Diagnostically named Gender Identity Disorder in which is declared a Serious medical Condition by both many Courts as well as the medical Clinical Diagnostics. In this motion the plaintiff seeks Summary Judgement for the Deliberately Indifferent long run Denials of Adequate Medical Cares and Treatments implementative for her well known unto All named defendants Suffering of Gender Dysphoria in which vitally meritorious Exhibits "A" through "HHHH" before this court so sets forth plaintiff so Cried out for for years from year 2012 through year 2015 before she seeked redress from court.

## Statement of facts

As set forth in the Accompanying declaration of the plaintiff Ms. Roy Mitchell Award of the state of Wisconsin Department of Correction by the States Court a life long lived Overtly male unto female Transgendered Expressive Human being suffering Severly Gender Dysphoria Symptoms Associated with persons so Diagnosed with Gender Identity Disorder plaintiff cried out unto the Named Defendants from year 2012 through year 2015 the Attached Court Record Exhibits "A" through "HHHH" meritoriously so sets forth plaintiff repeatedly cried out unto the Named Defendants for Adequate treatment implementatives, to Help her Cope with the Severe "Dire" Symptoms Associated with her Gender Identity Disorder plaintiff the Courts Records supports was met with Non-Chalance Continued Deliberately Indifference pertaining unto her receiving sound movement from the Named defendants for her Diagnosis G.I.D. in fact Court Records will support even Dispite the Named Defendants very own Hired forensic and Human Services Consultants →

very Highly reccommendational report Dated 9-27-2012 see Exhibit "G,G,G,G" plaintiff was subjected in pure bad faith, ill willed, unto total contrary of Adequate treatment implementative Cares for her Serious medical condition Life long lived Diagnosises and was immorally ordered from 1-8-2013 through 8-14-2014 to repress her Natural born Characteristic, innate female self she was sockotered Exhibits "A" through HHHH will vitally set forth to present as and dress as a man not to so seek out any forms of treatments on her very own for her Serious medical Conditional Diagnosis Gender Identity Disorder by named Defendant's inwhom courts records so sets forth All reviewed All of plaintiff's protected medical and psychological mental Health records and named Defendants very own forensic and Human Services Consultant Ms. Cynthia Osborne final reccommendational report unto named defendants on 9-27-2012 so setting forth (please see Exhibit "GGGG") immediate treatments for plaintiff serious medical condition is warrented to help plaintiff a Near Death Hate crime Survivor Court Records will set forth suffering from Also a Diagnosis of Chronic post traumatic stress Disorder cope with the severities of her Diagnosis

from the Serious medical Conditional Diagnosis G.I.D. in which even the record Supports (see Exhibits "A" through "HHH" Plaintiff she fears was met with Continued non-chalance, prejudically motivated Standings by the named Defendants in which todate Did not Afford Plaintiff none of the very needed treatments implementa- tives as so set forth by their very own hired forensic and Human Services Con- sultant, M.S. Cynthia Osborne Dated 9-27- 2012 in which soundly Also reccommended followup Care Aides upon plaintiff 1-8-2013 release unto Community Supervision from the Columbia Correctional Institution

please See Exhibit "HHH" page 26 very last paragraph on page in which the records will set forth Plaintiff was not Assisted in this upon her release unto named defendants on 1-8-2013 through 8-11-2014 in which prior unto plaintiff's release from Columbia Correctional Institution on 12-12-2012 per these named defendants request Plaintiff released All of her medical and psycholo- gical Services protected Health information unto Named Defendants Community Supervision over Seeing Plaintiff during her Community Status Award of State of Wisconsin Department of Corrections Status including Consultant's Cynthia Osborne's Reccommendational

(may you please continue on Reverseside)

report unto Named Defendants and yet plaintiff, was subjected unto the contrary Courts records supports and bad faithly ordered to present as and dress as a man, classified a "Deviate" and so ordered to not seek out any forms of treatments for her Gender Identity Disorder Diagnosis on her very own, from 1-8-2013 through 8-11-2014 Exhibits "A" through "HHH" meritoriously sets forth before this court plaintiff the courts records supports reached out unto Named Defendants and head supervisory State of Wisconsin Department of Corrections Secretaries Dating BACK unto year of 2012 concerning this matter, then Sitting Secretary Gary Hamblin and Newly Sitting Secretary Edward F. Wall (please See case: Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993) so Nothing that an official may be held liable for failure to supervise and control subordinates even though the official was not directly involved see: Sira v. Morton, 380 F.3d 57, 80 (2d Cir. 2004); Wright v. Smith, 21 F.3d 496, 502 2d (Cir. 1994); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); King v. Higgins, 702 F.2d 18, 21 (1st Cir.); Holding that a supervisor may be held personally responsible for the deprivation of constitutional rights if Inter Alia, the supervisor was Aware of the unconstitutional deprivations, Allowed them to Continue.

(may you please continue on next page) →

# Argument -Pages 1 through 7 (Continues on Reverse side →)

Named defendants, Unconstitutionally Questionally, immorally Deliberately Indifferently, in pure Non-chalance Standing Bad faith Subjected plaintiff unto Atypical and significant hardships due unto their personal bias and belief Standing of plaintiff innate Natural born Characteristic Clinical Diagnostic Gender Identity Disorder at one point the courts records so factually sets forth between the Dates 07-8-2013 through 8-11-2014 referring unto plaintiff Gender Identity Disorder Diagnosis as making her a "Deviate" so forcing her to reside in an unstable unsafe unrehabilitative very well known drug and crime infested environment in pure Bad faith, ill-willed Standing unto plaintiff a male unto female Transgendered Overtly Expressive lifelong lived person in which on 2-22-2015 So subjected plaintiff unto Sexual Assaults please see Exhibit "HAHH" in which is Very Adversely detrimental unto plaintiff well being well known unto these Named Defendants a Hate crime Survivor, Suffering from Chronic Post traumatic stress Disorder symptoms on top of her

"dire" Symptoms Associated with her Gender Identity Disorder Diagnosises plaintiff fears and the courts records very Strongly Vitally meritoriously Supports that from year 2012 through year 2015 plaintiff was met with non-chalance bad faith stance from the named defendants concerning her continued out cries for treatments implementative Aides Associated with plaintiff Diagnosis G.I.D and the Severity of her Gender Dysphoria Associated with this Diagnosis again Exhibits "A" through "HHHH" so Soundly meritoriously sets forth todate the records will set forth in reference unto the named defendants very own Hired forensic and Human Services Consultant MS. Cynthia Osborne final Highly reccommendational report Dating Back unto year 2012 plaintiff has not been Afforded by the Named Defendants no forms of very needed treatments implementatives as Highly referredly reccommended unto the named Defendants by their very on Hired forensic and Human Services Consultant In which the records Supports plaintiff Awarded by the State into the care of the named Defendants constantly, persistantly so cried out for Adequate treatments for her "dire" Symptoms she suffers

(may you please continue on next page) →

and failed to properly remedy the matter in which this courts records so sets forth Defendants, Hamblin nor Wall responsibily followed up in reference unto plaintiff many outcry correspondance unto their office begging for help with Subordinates Affording her Adequate treatments implementative care for her Serious medical conditional Gender Identity Disorder, nor did named Defendant Dr. Kevin Kallas a member of the Departments very own Gender Dysphoria Committee as it is newly re-named in reference unto plaintiff Numerous correspondance unto his office the Courts Records supports crying out for Assistance for her G.I.D Gender Dysphoria severe symptoms Defendant Dr. Kevin Kallas Also so failed to Adequately being his overwhelming Education unto this Diagnosis so being he participated in the Fields v. Smith, 712 F.Supp. 2d 830 (2010) case pertaining unto this very matter before the United States District court for eastern District of Wisconsin plaintiff so sets forth case cite: Gates v. Cook 376 F.3d 323, 343 (5th cir. 2004) Holding Deliberate Indifference finding supported by "Obvious and pervasive" of challened Condition. Also See: Haley v. Gross, 86 F.3d 630, 641-42 (7th cir. 1996); LaMarca v. Turner, 995 F.2d 1526, 1536-37 (11th cir. 1993) evidence that "Painted

(may you please continue on Reverseside) →

a picture that would be apparent to any knowledgeable observer" supported an inference of knowledge on the defendants, please see: Goka v. Bobbit, 862 F.2d 646, 652 (7th Cir 1988) the eighth Amendment is violated where Defendants know of the danger or where the threat of violence is so substantial or pervasive that their knowledge could be inferred, and yet defendants failed to take reasonable steps which would of prevented the harm. please Note and Court's records vitally supports named defendant's were well aware of the Dangers forcing plaintiff an Overtly male unto female Transgendered Expressive Human being to reside in the males Homeless shelter, Dating back unto year 2014 When State of Wisconsin Division of Hearings & Appeals residing Administrative Law Judge findings of facts Conclusion of the law order please see Judge Beth Whitaker July 2017 order unto named Defendants so setting forth the unstable, unsafe "dire" unRehabilitative environment unto plaintiff a male unto female Expressive person and yet Despite the fact the Named Defendants maintain a POGS Purchase of Goods and Services fund as so set forth in State of Wisconsin Department of

(mrs. you please continue on next page) →

Corrections Division of Community Corrections chapter: Supervision policy Number: 06.10. please see Attached Exhibit "HHH" pages (4) through (13) in which so sets forth and Also in Authority with Wisconsin Statute 301.08 and Wisconsin Administrative Code DOC 328.12. See Attached Exhibit "HHH" pages (4) through (13) in which so sets forth the Department of Corrections Community Supervision field Offices maintain Allocated funds to Assess offenders under their Court award Cares during Emergency Housing needs Etc. in which plaintiff so met all of the policy requirements and was not in pure Bad faith

Deliberately Indifferently Standing by the Named Defendants in which were well aware of emergency Allocated funds unto their Controls so forced plaintiff to yet Again in year 2015 reside at the males Shelter a well known drug, gang, Crime infested environment in which subjected plaintiff unto the "Dire" Surroundings and Circumstances of this well known unto All Named Defendants Environment in which plaintiff became Subjected unto Sexual Assaults Countless unwarrented perverted Sexual Advances, witnessing Drug & Alcohol heavy usage by other Occupants of this environment in which triggered plaintiff

(may you please continue on Reverseside)

<u>Chronic post traumatic Stress Disorder</u> Symptoms of flashbacks, Night mares, Severe panic and Aniexty Attacks in which upon plaintiff repeated complaints unto Named Defendants she was met with in retalitory prejudical, motivatedly immorally un- Humanitarianly, Non-Chalance Standing Bad faith and so ordered to Stay there or else face penalties imposed by Named Defendants Please see Attached Exhibits "A" through "HHHH" please see Also <u>Greene v. Bowles, 361 F.3d 290, 294-95 6th cir. 2004)</u> forcing transgendered offenders in well Known threatening and un safe envi- ronment well Known unto Named Defendants prior unto placement. See: <u>Farmer v. Brennan 511.U.S. at 842</u> the seventh circuit has Ackno- wledged that Farmer overruled some of its prior decision holdings that the official need not be shown to have intended the harm that occurred. see: <u>Haley v. Gross, 86 F.3d 630, 641 (7th cir. 1996)</u>; Famer sets forth serious damage to offenders future Health is Actionable See: <u>Pennsylvania Dep't of Corrections v. Yeskey 524 U.S. 206, 118 S. Ct 1952 (1998)</u>; <u>Crawford v. Indiana Dep't of corrections, 115 F.3d 481, 486 (7th cir. 1997)</u> Rights Against Discrimination are Ammong the few rights prisoners do Not park

(may you please continue on next page)

at the prisons gates, prisoners have interest in access to the programs, services. Also See: Houston v. Sidley & Austin, 185 F.3d 837, 838 n. 1 (7th cir. 1999) so setting forth Exhibits "A" through "HHH" meritoriously supports plaintiff facts so set forth in complaint and pleadings before this court, See: Geear v. Boulder Community Hospital, 844 F.2d 764, 766 (10th cir. 1988) so pleading unto court to accept plaintiff's written submissions due unto fact to date plaintiff current circumstance held in Dane County Jail by order of named defendant plaintiff does not have access unto community generated word processing and or type writer due unto fact the facility does not afford such services. Named defendants are responsible for the unconstitutional infringements imposed unto plaintiff due unto the fact and the courts records supports there was no courses so taken to correct them from 1-8-2013 up into year 2015 See: Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 106 S.Ct. 2505 (1986) Summary judgement is to be granted only if the record before the court shows no genuine issues as unto any material fact in which the record supports there are plaintiff so pleads for summary judgement relief. H. Roy Mitchell 115 West Doty Street Madison, Wisconsin 53703 Dated: 1-17-15



DOC NO
REC'D/FILED
2015 NOV 18 AM 10:26
PETER OPPENEER
CLERK US DIST COURT
WD OF WI