IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROY MITCHELL,

            Plaintiff,

v.

KEVIN KALLAS, et al.

            Defendants.

ORDER

15-cv-108-wmc

On April 7, 2015, this court granted plaintiff Roy Mitchell leave to proceed under 42 U.S.C. § 1983 on Eighth and Fourteenth Amendment claims against Drs. Kevin Kallas and Dawn Laurent for their alleged failure to treat Mitchell for gender dysphoria while she was incarcerated in the Wisconsin Department of Corrections. At the same time, the court denied Mitchell leave to proceed against the remaining defendants, who are employed as parole or probation agents.

A preliminary pretrial conference was held on August 27, 2015. Since that date, Mitchell has made numerous filings, most of which appear to require no action by the court (*e.g.*, letters to defendants regarding Mitchell's willingness to settle, her discovery requests, supplements to her complaints). There are, however, two pending motions that the court will deny: a Motion for Reconsideration of the Dismissal of Defendants Ruhnke, Wolfe and Raisbeck (dkt. #73) and a Motion for Assistance in Recruiting Counsel (dkt. #80).

**Motion for Reconsideration (dkt. #73).**

The court dismissed Ruhnke, Wolf and Raisbeck at the screening stage because in their role as Mitchell's parole agents, none were involved in the subject matter of this lawsuit.* More specifically, Mitchell did not allege that they were personally involved in any decisions about Mitchell's medical treatment for gender dysphoria, nor that they had a duty to provide treatments under WDOC policies. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Mitchell now asserts that these defendants *were* personally involved in ignoring his need for treatment for gender dysphoria. As support, Mitchell attaches several exhibits, including WDOC policies and Wisconsin statutes (dkts. #73-1, #73-2, #76), as well as her medical records and request forms that explain her anxiety and depression (dkt. #75). However, none of these documents reflect any action taken (or failure to act where duty bound to do so) by Ruhnke, Wolfe or Raisbeck. Rather, Mitchell is apparently attempting to create a duty on the part of these defendants to have taken some sort of action to assist Mitchell in her wish to obtain treatment for her gender dysphoria. But nothing that Mitchell submits supports this inference. On the contrary, unless one of the agents *impeded* Mitchell's access to health care or it were obvious that Mitchell were physically (or perhaps, mentally) incapable of seeking health care, it is hard to conceive of a basis to find a parole agent liable for not facilitating the defendant's psychological needs. *Cf. Sarauer v. Frank*, No. 04-C-273-C, 20014 WL 23224981, at *14 (W.D. Wis. Oct. 6, 2004) (noting that although a former prisoner may want certain services or items from his parole agent, "the Eighth Amendment

---

* Instead, according to Mitchell, the parole agents required him to present as a man.

2

does not require prison staff to insure plaintiff's comfort once they release him from prison").**

**Motion for Assistance in Recruiting Counsel (dkt. #80).**

For the second time in this case, Mitchell has requested that the court assist her in recruiting counsel. Mitchell indicates that attorneys from the law firm of Quarles & Brady LLP, who represented her in another matter, have told her that they would represent her in this matter. If that is the case, Mitchell does not require the court's assistance in retaining counsel and this motion is denied as moot.[1] Mitchell is encouraged to contact those attorneys who can then file an appearance in this matter.

If Quarles & Brady has not, in fact, offered to represent Mitchell, her motion will nonetheless be denied. As plaintiff already is aware, she does not have the right to counsel, and the court must use discretion in determining whether to recruit counsel *pro bono* to assist her given that counsel willing and able to take on such a responsibility are finite in number. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* public.") Before deciding whether it is necessary to recruit counsel, a court must find that: (1) the *pro se* party has made reasonable efforts to find a lawyer on her own and has been unsuccessful; or (2) she has been prevented from making such efforts. *Jackson v.*

---

** Of course, in so ruling, the court does not mean to preclude this possibility on different facts. *See Stewart v. Raemisch*, No. 09-C-123, 2009 WL 3754173, at *3 (E.D. Wis. Nov. 4, 2009) (allowing claim against parole agent where former inmate had doctor's orders not to work, but agent required him to work to avoid revocation). Nor does the court intend to suggest that a diligent agent should not have participated in a parolee's health care needs, particularly where a failure to address those needs might impede her successful reintegration back into society, but as a matter of good public policy, rather than constitutional rights.

[1] In addition, of course, the court would certainly be appreciative were Quarles in fact willing to take on this representation.

*County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Typically, to prove that she has made reasonable efforts to find a lawyer, a plaintiff must give the court the specific names of at least three lawyers who denied plaintiff's request after being asked in writing to represent her. Along with her motion here, however, plaintiff submits just one letter from an attorney declining to represent her, and provides no representation that other lawyers or firms were asked but refused to respond. Thus, Michell has not fulfilled the threshold requirement to the court's recruiting counsel under *Jackson*. Accordingly, her motion will be denied.

Even if Mitchell had met this threshold requirement, she has also been representing herself relatively capably thus far in this matter. As a result, the court would still be disinclined to grant this motion. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself"). Accordingly, her motion will be denied without prejudice.

> Before renewing her motion, Mitchell must carefully consider these issues:
>
> (1) It is very unlikely that the complexity of this case will become evident until after the court has ruled on a dispositive motion from defendants, and so it is unlikely that the court will recruit counsel for Mitchell until that time;
>
> (2) The court receives *many* more requests for counsel than the small pool of available volunteers can accommodate, and those cases presenting exceptional circumstances can be considered for court-assistance in recruiting a volunteer; and
>
> (3) Any subsequent motion must include specific details explaining what counsel would perform and why she is unable to continue litigating effectively on her own behalf.

Having said all that, if Mitchell is able to substantiate her condition through medical records that were largely ignored by defendants, the court would consider not only recruiting counsel, but a neutral expert as well. *See Rowe v. Gibson*, 798 F.3d 622, 632 (7th Cir. 2015) (encouraging district judges to appoint counsel and/or a neutral expert in cases involving medical issues).

ORDER

IT IS ORDERED that Plaintiff Roy Mitchell's Motion for Reconsideration (dkt. #73) and Motion for Assistance in Recruiting Counsel (dkt. #80) are DENIED.

Entered this 22nd day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5