IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROY MITCHELL,

                                                              ORDER
                        Plaintiff,
          v.                                           15-cv-108-wmc

KEVIN KALLAS, et al.

                        Defendants.

Plaintiff Roy Mitchell has been permitted to proceed on her Eighth Amendment claims that defendants, Drs. Kevin Kallas and Dawn Laurent, failed to treat her for gender dysphoria while she was incarcerated by the Wisconsin Department of Corrections ("DOC"). The court has taken the parties' cross motions for summary judgment under advisement, but plaintiff currently has several other pending motions, which the court will now address: (1) Motion to Compel (dkt. #85); (2) Motion Re Imminent Danger (dkt. #123); (3) Motion for Assistance in Recruiting Counsel (dkt. #125); (4) Motion to Reinstate Defendant Wall (dkt. #135); (5) Motion to Reinstate Probation Agents as Defendants (dkt. #140); (6) Motion to Disclose Expert Witness Information (dkt. #145); and (7) Motion for Sanctions (dkt. #147).

**Motion to Compel (dkt. #85)**

In her Motion to Compel, Mitchell is claiming that defendants have not been forthcoming in their response to one of her documents requests. Mitchell's Document Request No. 3 sought documentation related to the defendants' liability insurance for 2012, 2013 and 2014. While defendants objected to the request, they also explained that the "State of Wisconsin is self-insured and Drs. Kallas and Laurent are indemnified by the state pursuant to Wis. Stats. § 893.82." (Dkt. #94.) They have since corrected this response to

state that they are indemnified pursuant to Wis. Stat. § 895.46, but reaffirmed that the state is self-insured for damages resulting from the acts of its employees. As Mitchell's claims against Drs. Kallas and Laurent relate only to their acts as employees of the State of Wisconsin, the court agrees with defendants that any other liability insurance policy information is not relevant to her claims. This motion is, therefore, denied.

**Motion Re Imminent Danger (dkt. #123)**

In this motion, Mitchell complains that her probation agent is forcing her to stay in a men's shelter, which she claims is a form of retaliation for the current lawsuit. Mitchell also alleges that she suffers from Post-Traumatic Stress Disorder ("PTSD"), anxiety and nightmares because she has been sexually assaulted there. Understandably enough, she maintains that a male shelter is not the appropriate place for a transgender female, such as herself. Mitchell's motion includes a letter dated April 6, 2015, from a University of Wisconsin-Madison law student who works with the law school's domestic abuse injunction clinic. In the letter, the student states that Mitchell told him that her parole agent, Sarah Wesenberg, and her supervisor, Tina Gensler, were forcing her to stay in the men's shelter, and that Mitchell had been sexually assaulted there. Accordingly, it appears that Mitchell would like the court to order her probation agents to find another, more suitable, residence for her.

Despite the possible merit in a transfer, the court cannot grant this request for two reasons. First, Wesenberg and Gensler are not parties to this lawsuit. This court only has jurisdiction over Mitchell's claims in her complaint, which relate to decisions by DOC employees, who allegedly denied Mitchell with needed hormone treatment while she was

2

incarcerated.  Her complaint neither names Wesenberg or Gensler as defendants, nor does it include allegations that these individuals forced her to stay in a men's shelter.  As importantly, the court has not given Mitchell leave to proceed against those state probation officers in this court.  If Mitchell believes that she has a claim against Wesenerg or Gensler that can be properly brought before this court, she needs to file a separate lawsuit as to those claims.

Finally, although her safety concern may have been valid when she filed this motion, it became moot very shortly thereafter.  Mitchell filed this motion on February 22, 2016, but she informed the court that as of March 8, 2016, she had been arrested and was placed at the Dane County Jail.  Her address has remained the same since that date.  As she is currently in jail and it does not appear that she will be released in the near future, her concerns about being required to stay in a men's shelter are moot, and this motion must be denied.

**Motion for Assistance in Recruiting Counsel (dkt. #125)**

Mitchell indicated that she has contacted mulitple attorneys and the ACLU in attempts at retaining counsel.  One of the attorneys she contacted was Rachel Graham, of the law firm of Quarles & Brady.  Mitchell states that Ms. Graham told her that Quarles & Brady would be willing to represent her in this matter, but only by order of the court.  Thus, it appears that Mitchell has fulfilled the *Jackson* requirement.

The next question is whether litigating this case is beyond plaintiff's capabilities.  *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to

3

coherently present it to the judge or jury himself"). Although it is apparent from her filings that Mitchell has been frustrated with her lack of resources throughout the course of this lawsuit, the requirements of the claims she is litigating do not exceed her abilities.

As an initial matter, Mitchell must be aware that these are challenges nearly all pro se litigants face, and this court receives many more requests for counsel than the small pool of available volunteers can accommodate. Thus, only those cases presenting exceptional circumstances can be considered for court assistance in recruiting volunteer counsel. For the following reasons, Mitchell's case does not appear to fall into this category.

For one, Mitchell has been involved in other lawsuits before this court and her filings indicate familiarity with the Federal Rules of Civil Procedure. It also appears that she has successfully utilized the discovery process, not just propounding discovery requests upon defendants and obtaining materials relevant to her claims, but as noted above, drafting and filing a motion to compel where dissatisfied with defendants' response. Although she may not have succeeded, her motion has established that she is fully capable of requesting court assistance where necessary.

As to her familiarity with the substantive law, Mitchell's remaining claims are straightforward. She is alleging that when defendants Dr. Kallas and Dr. Laurent denied her hormone treatment requests, they exhibited deliberate indifference to her gender dysphoria in violation of her Eighth Amendment rights. Mitchell's summary judgment filings cite relevant authority on this issue, and her arguments are framed under the appropriate Eighth Amendment standard.[1]

---

[1] While Mitchell has also submitted numerous, irrelevant filings, and has often sought the court's

Finally, the facts of this case are not only straightforward, but the majority are not even in dispute.  The question at summary judgment, therefore, is whether the current state of the law supports Mitchell's Eighth Amendment claims for damages.  Based on the parties' filings, the court is confident in its ability to answer this question without enlisting an attorney to make further argument on Mitchell's behalf.  Accordingly, this motion will also be denied.

**Motion to Reinstate Defendant Wall (dkt. #135)**

On April 21, 2016, Mitchell filed a Motion to Reinstate Defendant Edward Wall, who Mitchell had named as DOC Secretary in her complaint.  On April 7, 2015, the court screened that complaint and dismissed Wall as a defendant because Mitchell had not alleged that he was personally involved in the decision to deny her hormone treatment.  (*See* Order on Leave to Proceed, dkt. #11, at 5.)  Supervisory officials cannot be held liable unless the plaintiff contacts the official for help with a matter that falls under their responsibilities.  *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Now, over a year after the court issued its screening order, Mitchell represents that she began writing to Wall's office and his subordinates about her hormone treatment request beginning in 2012, citing to exhibits attached to her complaint.  Mitchell's request lacks merit.  Although the complaint includes a November 29, 2012, letter from Mitchell directed to Wall (Compl., Ex. T, dkt. #1-20), she has not established that Wall was in a position to make a decision about her hormone treatment request, nor that he actually had a hand in

---

reconsideration of its orders, her submissions indicate (for the most part) disagreement with the court's conclusions, not a failure to comprehend them.  It likewise demonstrates an ability and willingness to review and challenge the court's filings, which militates against granting her motion.

5

that decision.   Furthermore, Mitchell submitted this letter to Wall while her request for hormone therapy was being handled by other DOC staff; her filings do not indicate that Wall was made aware that Mitchell's request for hormone treatment was denied in 2013; and the request would appear to be one decided by medical experts based on their own assessment of Mitchell's physical and mental health.   So there is nothing in the record that would suggest that even if Wall *knew* about the denial of her request, he would have been in a position to overrule those professional assessments, any more than any other non-medical DOC employee.   Accordingly, the motion to reinstate Wall as a defendant will be denied.

**Motion to Reinstate Probation Agents as Defendants (dkt. #140)**

Similarly, on May 4, 2015, Mitchell wrote a letter to the court in which she states that the court improperly dismissed defendants Joseph Ruhnke, Brittany Wolfe and Nicole Raisbeck, all of whom were her parole agents.   Although not styled as a motion, the court construes this, too, as a motion for reconsideration, which it will deny for much the same reasons.

In Mitchell's complaint, she alleged that defendants Ruhnke, Wolfe and Raisbeck prevented her from seeking out treatment for her gender dysphoria, and they made her sign a form stating that she agreed to present as a man.   (Compl., dkt. #1, at 5; Compl. Ex. I, dkt. #1-9, at 10.)   Even so, the court's April 7 order dismissed Ruhnke, Wofe and Raisbeck because they were not personally involved in decisions about Mitchell's treatment for gender dysphoria, and because they were not bound by DOC policy to provide such treatment. (Order on Leave to Proceed, dkt. #11, at 5-6.)

On April 13, 2015, Mitchell filed a motion for reconsideration of that part of the order, which the court summarily denied.  (Dkt. #19.)  Mitchell filed a second motion for reconsideration on September 25, 2015, in which she claimed that these defendants were personally involved in ignoring her need for treatment, attaching DOC policies and Wisconsin statutes in support.  The court denied that motion as well, concluding that:  (1) the documents did not support a finding that Ruhnke, Wolfe or Raisbeck made any decisions about her gender dysphoria treatment; and (2) probation agents do not have a duty to facilitate a former inmate's psychological needs.  (Dkt. #107, at 2.)

Mitchell has now requested for a second time that the court reconsider this decision, emphasizing again that after her release from CCI, state Probation Officers Ruhnke, Wolfe and Raisbeck required her to present as a man and would not permit her to seek out hormone treatment in the community.[2]  The court remains unconvinced that these individuals should be reinstated as defendants in this lawuist.  Not only do the documents that Mitchell cites not suggest that she was completely barred from presenting as a man or pursing hormone therapy, but her right to present as a woman was not clearly established under the Eighth Amendment when her agents put restrictions on her appearance.

In her complaint, Mitchell cites to paragraph 22 of a document entitled "Rules of Community Supervision," which states "You shall not alter your physical appearance without prior approval of your agent; you shall dress appropriately and you shall not attempt to

---

[2] In their summary judgment briefing, defendants' counsel represent that they have spoken with Mitchell's current probation agent, who indicated that Mitchell is not prevented from dressing like a woman and would only need to submit an updated photograph with the Wisconsin Sex Offender Registry Program if she wanted to materially change her appearance.  (Dkt. #111, at 5 n.2.)  Whether Mitchell is currently permitted to present as a woman by the Wisconsin Probation Office, however, has no bearing on the merit of her claims against Ruhnke, Wofe and Raisbeck.

conceal your identity/name.  You shall present as, and dress as a male in public." (Compl. Ex. I, dkt. #1-9, at 10.)  In Ruhnke and Wolfe's case notes, they noted Mitchell's interest in presenting as a female and pursuing hormone therapy, and they explained to her that because she could not be allowed to conceal her identify, she had to dress as a male.  (*See* Compl. Ex. DD, dkt. #1-30, at 4, 19, 27, 32, 34.)

These documents indicate that Wolfe and Ruhnke did not prohibit her from seeking hormone therapy, but they do suggest that they prohibiting her from presented as female. That does not change the result here, however, as there is no authority suggesting that when Mitchell was on probation she had a clearly established right under the Eighth Amendment to dress as a female.  As a result, even if reinstated, these defendants may be entitled to qualified immunity. *Carroll v. Carman*, — U.S. —, 135 S. Ct. 348, 350 (2014) ("A government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.").  Regardless, the specific claims against these probation officers are not so interrelated that they must be made a part of the same lawsuit as DOC medical officers. Accordingly, Mitchell's claims against Runke, Wolfe and Raisbeck will not be reinstated.

**Motion to Disclose Expert Witness Information (dkt. #145)**

In this motion, Mitchell asks the court to order defendants to turn over information about Dr. Kallas's anticipated testimony.  Defendants' expert disclosure (dkt. #134) identifies Dr. Kallas as a potential expert and indicates that his testimony and opinions are summarized in his January 2016 declaration.  In that 15-page declaration, Dr. Kallas provides:  (1) a background of his experience and his positions with the DOC; (2)

information about how the DOC handles the treatment of prisoners with gender dysphoria; (3) a description of the typical standard of care for individuals with gender dysphoria; and (4) his own experience in addressing Mitchell's diagnoses and requests for hormone treatment.

This summary provides a fair overview of Dr. Kallas's background and expected testimony under Rule 26. Specifically, Fed. R. Civ. P. 26(a)(2)(A) requires only that the parties disclose the name of any witness who may provide expert testimony, and an expert report is only necessary where the witness is retained to provide expert testimony. Since defendants' disclosure by reference through Dr. Kallas's declaration is sufficient, this motion is denied.

**Motion for Sanctions (dkt. #147)**

Finally, Mitchell filed a Motion for Sanctions Under Fed. R. Civ. P. 11(c)(1), in which she alleges that the defendants made false statements related to her release from incarceration at CCI. In particular, Mitchell claims that when she was released, Probation Officers Ruhnke, Raisbeck and Wolfe required her to present like a man and not seek out any form of treatment for her gender dysphoria.

Federal Rule of Civil Procedure 11(c) permits the court to impose sanctions on a party for making false representations to the court. A motion for sanctions must, however, describe the specific conduct that constitutes a false representation. Here defendants have made *no* allegations with respect to Ruhnke, Raisbeck and Wolfe, because they were dismissed from this lawsuit at the screening stage. As explained above, the only live claims in this matter relate to Dr. Kallas's and Dr. Laurent's decisions with respect to Mitchell during her time at

9

CCI.  It is thus understandable that defendants would not make more specific representations regarding Mitchell's time during her release from confinement.  Accordingly, this motion is denied as well.

ORDER

IT IS ORDERED that Plaintiff's following motions are DENIED:  Motion to Compel (dkt. #85); Motion Re Imminent Danger (dkt. #123); Motion for Assistance in Recruiting Counsel (dkt. #125); Motion to Reinstate Defendant Wall (dkt. #135); Motion to Reinstate Probation Agents as Defendants (dkt. #140); Motion to Disclose Expert Witness Information (dkt. #145); Motion for Sanctions (dkt. #147).

Entered this 17th day of August, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

10